**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| DANIEL MORRIS JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 18-cv-1415-SLD |
| ) | |
| WARDEN, FCI PEKIN, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION

Now before the Court is Petitioner Daniel Morris Johnson's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1). Petitioner is incarcerated at the Pekin Federal Correctional Institution in Pekin, Illinois, within the territorial jurisdiction of this Court. This matter is now before the Court for preliminary review of the § 2241 petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts. Because it plainly appears from the Petition and attached exhibits that the Petitioner is not entitled to relief, Petitioner's § 2241 Petition (Doc. 1) is SUMMARILY DISMISSED WITH PREJUDICE.

### BACKGROUND

In April 2014, Johnson was found guilty of Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e) after a bench trial in the United States District Court for the District of Minnesota. *See United States v. Johnson,* Case No. 14-cr-159, d/e 61 (D. Minn.). On April 29, 2016, he was sentenced to 354 months' imprisonment. *Id.,* Judgment, d/e 108.

Johnson appealed to the Eighth Circuit, arguing that his prior conviction for criminal sexual conduct in the fifth degree in violation of Minnesota Statute section 609.3451 should not be considered a predicate offense used to enhance his sentence under § 2551(e), and that the district court erred in denying his motion to suppress. *United States v. Johnson*, 848 F.3d 872, 874 (8th Cir. 2017). On February 17, 2017, the Eighth Circuit, affirmed his conviction and sentence. *Id.* The Eighth Circuit affirmed the denial of the motion to suppress. *Id.* at 876-879. Additionally, the Eighth Circuit found that, even assuming there was an error in enhancing his sentence under § 2551(e), the error was harmless because the "district court stated it would have imposed the same sentence regardless of whether Johnson's prior Minnesota conviction qualified as a predicate under § 2551(e)." *Id.* at 879-880.

Johnson next filed a Motion pursuant to 28 U.S.C. § 2255 on November 17, 2017. *United States v. Johnson,* Case No. 14-cr-159, d/e 127 (D. Minn.). He argued that his counsel was ineffective because he coerced Johnson into getting medication for depression and then influenced him while he was under the influence of the medication, that he did not want to waive his right to a jury trial, and that his sentence was excessive. *Id.* The district court denied his motion. *Id.* at d/e 135. The district court found that his objections to his sentence had been raised and decided on direct appeal and could not be reargued in his § 2255 motion. *Id.* The district court also found that his ineffective assistance of counsel claims were meritless and contradicted the record. *Id.*

On June 15, 2018, Johnson filed an application to file a successive §2255 motion in the Eighth Circuit. *Johnson v. United States,* No. 18-2304 (8th Cir. June 15, 2018). He argued he could not raise his claims previously because counsel had not refused to give him a copy of his psychological evaluation. He raised nine grounds for relief: (1) defense counsel was ineffective

overall and his cumulative errors were harmful, even if individually they were harmless; (2) defense counsel was ineffective for failing to raise a claim of diminished capacity; (3) defense counsel was ineffective for failing to investigate and object to allegedly falsified statements by the victim that were used to obtain the search warrant; (4) federal courts lacked jurisdiction because interstate commerce was not sufficiently impacted; (5) there was a conflict of interest in his state court proceeding that resulted in the federal case; (6) his predicate Minnesota conviction for failure to report was unconstitutionally vague in light of *Johnson v. United States,* 135 S.Ct. 2551 (2015); (7) defense counsel was ineffective for failing to object to improper signaling and leading of witness, and ex parte conversations; (8) defense counsel was ineffective for failing to adequately prepare for trial and for failing to subpoena any witnesses in Johnson's defense; and (9) his predicate Minnesota conviction for failure to register should not have been used because his conviction was based on a misunderstanding of the registration date. *Id.* The Government submitted a response, arguing that each of his grounds for relief were meritless and did not rely on new information or new law that was not previously available to him, therefore could not proceed under § 2255(h). *Id.* The Eighth Circuit denied his application in October 2018. *Johnson v. United States,* No. 18-2304 (8th Cir. October 23, 2018)

Johnson has now filed this Petition pursuant to 28 U.S.C. § 2241, bringing the exact same nine grounds for relief as he did in his application to file a successive § 2255 motion.

## DISCUSSION

Johnson has brought nine grounds for relief all challenging the legality of his conviction and sentence. Generally, federal prisoners who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." *Camacho v. English*, 16-3509, 2017 WL 4330368, at

*1 (7th Cir. Aug. 22, 2017) (*quoting Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)).  The exception to this rule is found in § 2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion."  *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).  Thus, the Seventh Circuit has held that "alternative relief under § 2241 is available only in limited circumstances: specifically, only upon showing "(1) that he relies on 'not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion,' (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is 'grave enough ... to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding,' such as one resulting in 'a conviction for a crime of which he was innocent.'"  *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813, 197 L. Ed. 2d 758 (2017) (*citing Brown*, 696 F.3d at 640).

Here, Johnson's claims do not fall within the § 2255(e) savings clause.  In ground six, Johnson challenges the use of his predicate conviction under Minn. Statute section 609.3451 to enhance his sentence under § 2551(e).  He primarily advances a constitutional argument that his underlying conviction under the state statute is unconstitutionally vague.  Johnson does cite the statutory interpretation case of *Descamps v. United States,* 133 S.Ct. 2276 (2013), to argue that his conviction was overbroad.  However, this case and any related arguments were available to him at the time of his conviction, direct appeal, and initial § 2255 motion.  Moreover, he

challenged the use of his predicate conviction in his direct appeal and the Eighth Circuit held that any error in using his predicate conviction was harmless because the "district court stated it would have imposed the same sentence regardless of whether Johnson's prior Minnesota conviction qualified as a predicate under § 2551(e)." *Johnson*, 848 F.3d at 876-880. Accordingly, Johnson is barred from relitigating this issue. *See, e.g., White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) ("Invoking the doctrine of the law of the case, the courts, including our court, forbid a prisoner to relitigate in a collateral proceeding an issue that was decided on his direct appeal.").

The remainder of Johnson's claims do not rely on a new statutory interpretation case, nor do they even make a statutory argument. Despite Johnson's arguments to the contrary, these claims appear to have been available to him in his initial § 2255 motion. And, to the extent that they did rely on new discovered evidence, they could have—and were—brought in an application to file a successive § 2255 motion. That Eighth Circuit denied his application to file a successive § 2255 motion does not open the door to a § 2241 application. *See Brown v. Caraway*, 719 F.3d 583, 597 (7th Cir. 2013) ("A motion under § 2255 could reasonably be thought "inadequate or ineffective to test the legality of [the prisoner's] detention" if a class of argument were categorically excluded, but when an argument is permissible but fails on the merits there is no problem with the adequacy of § 2255."); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (the savings clause is concerned with "procedures rather than outcomes"). Further, even if successful on the merits, his claims do not amount to a miscarriage of justice as none of them would make him actually innocent of his conviction or sentence. Accordingly, the Court finds Johnson's claims cannot proceed under the § 2255(e) savings clause and must be dismissed.

## CONCLUSION

For these reasons, the Court finds Petitioner Daniel Morris Johnson's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) cannot proceed under 28 U.S.C. § 2255(e), and, accordingly, is SUMMARILY DISMISSED WITH PREJUDICE.

This case is CLOSED.

Signed on this 28th day of June, 2019.

/s/ Sara Darrow
Sara Darrow
Chief United States District Judge